# Illinois Official Reports

## Appellate Court

*People v. Williams*, 2016 IL App (3d) 120840

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL L. WILLIAMS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-12-0840 |
| Filed | August 17, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 11-CF-128; the Hon. Clark E. Erickson, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier and Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Jamie J. Boyd, State's Attorney, of Kankakee (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Justices Holdridge and Carter concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Michael L. Williams, challenges his conviction for unlawful possession of a weapon by a felon (UPWF) (720 ILCS 5/24-1.1(a) (West 2010)). He argues that the State relied on a void conviction to prove the element of a prior felony conviction, and therefore failed to prove defendant guilty beyond a reasonable doubt. We affirm.

¶ 2                                                    FACTS

¶ 3    The State charged defendant by indictment with attempted armed robbery (720 ILCS 5/8-4(a), 18-2(a)(2) (West 2010)) and UPWF. The UPWF count alleged that on March 7, 2011, defendant, being "a person who has been convicted of a felony under the law of Illinois, knowingly possessed on or about his person, a handgun."

¶ 4    At the ensuing jury trial, the State produced evidence showing that a firearm was found under the passenger seat of the car in which defendant was arrested. The State also introduced a certified copy of defendant's prior felony conviction. The certified documents showed that defendant had pled guilty in 2006 to Class 4 aggravated unlawful use of a weapon (AUUW). More specifically, defendant pled guilty to a violation of section 24-1.6(a)(1), (a)(3)(A) of the Criminal Code of 1961 (Code) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A) (West 2006)).

¶ 5    On March 8, 2012, the jury found defendant guilty of UPWF and not guilty of attempted armed robbery. The trial court sentenced defendant to a term of 12 years' imprisonment.

¶ 6                                                  ANALYSIS

¶ 7    On appeal, defendant contends that his conviction must be reversed because the State failed to prove that he had a prior felony conviction, a necessary element of UPWF. Specifically, defendant points out that his 2006 AUUW conviction was based on a statute that was later declared facially unconstitutional by our supreme court in *People v. Aguilar*, 2013 IL 112116, ¶ 22. Thus, defendant argues that because his 2006 conviction was void, the State failed to prove that he committed UPWF. The supreme court's decision in *People v. McFadden*, 2016 IL 117424, mandates that we reject defendant's argument.

¶ 8    In *Aguilar*, our supreme court held that "on its face, the Class 4 form of section 24-1.6(a)(1), (a)(3)(A), (d)" (the section under which defendant in the present case pled guilty in 2006) "violates the right to keep and bear arms, as guaranteed by the second amendment to the United States Constitution." *Aguilar*, 2013 IL 112116, ¶ 22. When the supreme court declares a statute to be unconstitutional on its face, that statute is void *ab initio*. *People v. Davis*, 2014 IL 115595, ¶ 25. "When a court declares a statute unconstitutional and void *ab initio*, the court means only that the statute was constitutionally infirm from the moment of its enactment and, therefore, is unenforceable." *Id.* Defendant maintains that his 2006 AUUW conviction—sustained under the same section deemed facially unconstitutional in *Aguilar*—is a nullity and may not be subsequently used to sustain the present conviction for UPWF.

¶ 9    Our supreme court addressed this precise issue in *McFadden*. In that case, defendant had been convicted under section 24-1.6(a)(1), (a)(3)(A) of the Code. *McFadden*, 2016 IL 117424,

¶¶ 3-4. That conviction was then used as a basis for a later conviction of UPWF.[1] *Id.* ¶¶ 6-7. Later, the supreme court issued its decision in *Aguilar*. See *id.* ¶ 8.

¶ 10      The *McFadden* court held that the *Aguilar* ruling did not undermine the defendant's conviction for UPWF. See *id.* ¶ 30. In so holding, the court examined the language of section 24-1.1(a), which prohibits a person from possessing a firearm " 'if the person has been convicted of a felony under the laws of this State or any other jurisdiction.' " *Id.* ¶ 27 (quoting 720 ILCS 5/24-1.1(a) (West 2008)). Noting that the language in the statute is in the past tense, a divided court concluded that "[n]othing on the face of the statute suggests any intent to limit the language to only those persons whose prior felony convictions are not later subject to vacatur." *Id.* In other words, until an erroneous conviction is cleared from a defendant's record via vacatur or other affirmative action to nullify the conviction, he is still subject to the "firearms disability" in section 24-1.1(a). *Id.* ¶ 24. *McFadden* requires that Illinois courts reject a literal translation of "void *ab initio*."

¶ 11      Like the defendant in *McFadden*, defendant here was convicted of AUUW and later convicted of UPWF, with each conviction occurring before our supreme court decided *Aguilar*. At the time defendant possessed a firearm, his conviction for AUUW had not been vacated. Accordingly, notwithstanding the fact that defendant was convicted of violating a statute later declared void *ab initio*, he was still subject to the "firearms disability" imposed by section 24-1.1(a), and the State sufficiently proved that fact. *Id.*

¶ 12                                     CONCLUSION

¶ 13      For the foregoing reasons, we affirm the judgment of the circuit court of Kankakee County.

¶ 14      Affirmed.

---

[1]The *McFadden* court referred to the offense as the "unlawful use of a weapon by a felon," though it cited the same statutory section as that under which defendant was convicted here. *McFadden*, 2016 IL 117424, ¶ 1. The full title of section 24-1.1 is "Unlawful Use or Possession of Weapons by Felons or Persons in the Custody of the Department of Corrections Facilities." 720 ILCS 5/24-1.1 (West 2010). Whether labeled as unlawful use of a weapon by a felon, as in *McFadden*, or as unlawful possession of a weapon by a felon, as here, there is only one offense under this section. For the purposes of clarity, we will continue to refer to the offense as UPWF.